DANAHY, Acting Chief Judge.
The appellant was convicted of criminal mischief and contends several trial errors mandate reversal. Although he raises several issues, we reverse on only one, finding that it requires a new trial.
The state presented evidence that the appellant was with his uncle who was driving a distinctive pickup truck early one morning when the uncle was stopped for racing and was ticketed. A similar truck with two admittedly unidentified occupants was seen about an hour later in an open parking lot near the police station where municipal, county, police, and private vehicles were parked.
One hour later extensive damage to several public and private vehicles was discovered, including slashed tires and the word “racing” scratched onto some vehicles. Police technicians found blood spatters on some vehicles but could not type or match them to anyone. The appellant’s left index fingerprint and left palm print were found on the driver’s side door of one vehicle. One state witness also testified about a shoe print discovered at the scene which was somewhat similar to shoes owned by the appellant’s uncle.
Also admitted at trial was testimony about a blood-spattered work shirt obtained by the chief of police from the appellant’s father when the police chief asked the appellant’s father for the clothing the appellant had been wearing that evening. The shirt itself was not admitted into evidence. However, during the state’s case-in-chief, there was no evidence presented as to who owned the shirt, whose blood was on the shirt, or when *580 the blood got there. In fact, the trial judge specifically instructed the jury that there was no evidence in the case about the ownership of the shirt. The state attorney did not pursue the case against the uncle, but the jury found the appellant guilty of criminal mischief on the evidence described above.
We find that to admit testimony about the blood-spattered work shirt in these circumstances was error. Without being able to show whose shirt it was, whether it was worn by the appellant that evening, or what its relationship was to the events in question, there was no relevant basis upon which to admit testimony concerning the shirt as evidence of the appellant’s guilt. We also find that the state has not carried its burden to show beyond a reasonable doubt that this error did not contribute to the verdict, especially given the little remaining evidence linking the appellant to the crime. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Accordingly, we reverse and remand for a new trial.
PARKER and FULMER, JJ., concur.